Singh v. Garland

BIA
Golovnin, IJ
A215 540 671

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 28th day of November, two thousand twenty-three.

PRESENT:
    JOSÉ A. CABRANES,
    DENNY CHIN,
    MARIA ARAÚJO KAHN,
        *Circuit Judges.*

_____

HARSHPREET SINGH,
        *Petitioner,*

    v.                                             22-6426
                                                   NAC
MERRICK B. GARLAND, UNITED
STATES ATTORNEY GENERAL,
        *Respondent.*

_____

FOR PETITIONER:          Heena Arora, Law Offices of Heena Arora, P.C., Richmond Hill, NY.

**FOR RESPONDENT:**    Brian M. Boynton, Principal Deputy Assistant Attorney General; Jennifer R. Khouri, Senior Litigation Counsel; Joannabelle M. Aquino, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Harshpreet Singh, a native and citizen of India, seeks review of an August 5, 2022, decision of the BIA affirming a March 29, 2019, decision of an Immigration Judge ("IJ") denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Harshpreet Singh* , No. A 215 540 671 (B.I.A. Aug. 5, 2022), *aff'g* No. A 215 540 671 (Immig. Ct. N.Y. City Mar. 29, 2019).  We assume the parties' familiarity with the underlying facts and procedural history.

We have reviewed the IJ's decision "as modified by" the BIA, i.e., minus the finding that spelling and grammatical errors in the corroborating documents supported the adverse credibility determination. *Xue Hong Yang v. U.S. Dep't of Just.*, 426 F.3d 520, 522 (2d Cir. 2005).  We review an adverse credibility determination "under the substantial evidence standard," *Hong Fei Gao v. Sessions*,

891 F.3d 67, 76 (2d Cir. 2018), and "the administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary," 8 U.S.C. § 1252(b)(4)(B).

"Considering the totality of the circumstances, and all relevant factors, a trier of fact may base a credibility determination on . . . the consistency between the applicant's or witness's written and oral statements (whenever made and whether or not under oath, and considering the circumstances under which the statements were made), the internal consistency of each such statement, the consistency of such statements with other evidence of record (including the reports of the Department of State on country conditions), and any inaccuracies or falsehoods in such statements, without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim, or any other relevant factor." 8 U.S.C. § 1158(b)(1)(B)(iii). "We defer . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008); *accord Hong Fei Gao*, 891 F.3d at 76. "An applicant's failure to corroborate his or her testimony may bear on credibility, because the absence of corroboration in general makes an applicant unable to

rehabilitate testimony that has already been called into question." *Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007).

Singh alleged that he feared persecution as a member of the Shiromani Akali Dal Amritsar ("SADA Party") because he was attacked on two occasions by members of the Bharatiya Janata Party ("BJP") and the police threatened him when he tried to complain about the first attack. Substantial evidence supports the agency's adverse credibility determination.

First, the agency reasonably relied on inconsistencies between Singh's testimony and his corroborating evidence. *See* 8 U.S.C. § 1158(b)(1)(B)(iii). Although Singh testified that he was attacked by members of the BJP, a letter he submitted from the SADA Party regional office stated that Singh was "tortured and mistreated by congress party workers." When questioned about this inconsistency, Singh answered that he was unaware that the letter said this and affirmed that he did not fear the Congress Party. Singh also testified that he reported the first attack to the police, but he did not identify any other interactions with the police. However, the letter from the SADA office stated that the "police always targeted" Singh. Singh's explanation—that the one instance when the police refused to file a report could be interpreted as being targeted by the police—

4

is not compelling. *See Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2018) ("A petitioner must do more than offer a plausible explanation for his inconsistent statements to secure relief; he must demonstrate that a reasonable fact-finder would be *compelled* to credit his testimony." (quotation marks omitted)).

Second, the agency reasonably relied on omissions of material information from Singh's supporting letters. *See Hong Fei Gao*, 891 F.3d at 78–79 (providing that the agency may consider third party omissions as part of the totality of the circumstances when evaluating credibility). Singh testified that he was physically attacked twice by BJP members, sought medical attention at a hospital after the second attack, spoke to his parents about the second attack, and his father accompanied him to the police station and obtained Singh's medical records following the attacks. However, letters from Singh's family members do not mention physical attacks or Singh seeking medical attention, and the letter from Singh's father does not mention going to the police station to file a report. Singh argues that mistakes and omissions in third-party statements cannot support an adverse credibility determination. To the contrary, the agency may consider such omissions as part of the totality of the circumstances. *Id.*; *see also Liang Chen v. U.S. Att'y Gen.*, 454 F.3d 103, 107 (2d Cir. 2006) (IJ "may conduct an overall

evaluation of testimony in light of its rationality or internal consistency and the manner in which it hangs together with other evidence." (quotation marks omitted)). While we have cautioned against placing too much weight on third-party omissions, the weight attributable to such omissions depends on their probative value and here the omissions are of the incidents of persecution that Singh's claim is based on. *See Hong Fei Gao*, 891 F.3d at 78–79 (clarifying that "the probative value of a witness's prior silence on particular facts depends on whether those facts are ones the witness would reasonably have been expected to disclose"). Moreover, the omissions of the attacks undermine the value of the letters as corroborating evidence and that lack of corroboration undermines Singh's credibility. *See Biao Yang*, 496 F.3d at 273 ("An applicant's failure to corroborate his or her testimony may bear on credibility, because the absence of corroboration in general makes an applicant unable to rehabilitate testimony that has already been called into question.").

Taken together, the inconsistencies, the omissions, and the lack of reliable corroboration provide substantial evidence for the adverse credibility determination. *See Likai Gao v. Barr*, 968 F.3d 137, 145 n.8 (2d Cir. 2020) ("[E]ven a single inconsistency might preclude an alien from showing that an IJ was

6

compelled to find him credible. Multiple inconsistencies would so preclude even more forcefully."); *Xiu Xia Lin*, 534 F.3d at 167; *Biao Yang*, 496 F.3d at 273.

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court
